BICKELL v. FLINT CIVIL SERVICE COMMISSION.

1. MUNICIPAL CORPORATIONS—CIVIL SERVICE—LAYOFF FOR ECONOMY REASONS—ABOLITION OF POSITION—SENIORITY ON RECALL.

A layoff of city employees for economy reasons does not effect an abolition of the jobs within the meaning of city charter provision that in the event of abolition of a position the employee shall be given employment in the next lower position in the department but that if separated from service for economy reasons he should be given an indefinite leave of absence without compensation and recalled to active service when the first opening occurs according to his seniority at the time when the vacancy existed (Flint City Charter, § 245).

2. SAME—CIVIL SERVICE—REINSTATEMENT—MANDAMUS—BURDEN OF PROOF—EVIDENCE.

Whether or not positions of plaintiff civil service employees of defendant city were abolished or they were given indefinite leaves of absence without compensation but with certain recall rights under city charter was a question of fact upon which

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 37 Am Jur, Municipal Corporations § 227.
10 Am Jur, Civil Service § 12.

. plaintiffs had the burden of proof in their mandamus proceeding to compel reinstatement on the payroll, a burden which has not been sustained according to record presented (Flint City Charter, § 245).

Appeal from Genesee; Baker (John W.), J. Submitted April 3, 1963. (Calendar No. 23, Docket No. 49,383.) Decided June 3, 1963.

Mandamus by Richard Bickell and 25 other employees of street construction division, Flint public works department, against Civil Service Commission of the City of Flint, its members, the city manager and the director of the public works department to compel their reinstatement on the payroll. Thirty-seven other employees of the public works department intervened as parties defendant. Writ denied. Plaintiffs appeal. Affirmed.

*Andrew J. Transue,* for plaintiffs.

*William J. Kane,* City Attorney, and *Wade D. Withey,* Assistant City Attorney, for defendants.

CARR, C. J. On November 21, 1960, plaintiffs were employees of the department of public works of the city of Flint, in its street construction division No. 15. There was then no money available to the city to carry on a street construction program. Accordingly, for economy reasons, plaintiffs were laid off and separated from the active service and payroll of the city.

This mandamus action was brought to compel defendant city civil service commission to reinstate plaintiffs in their positions and to their seniority rights and pay them the back wages which they would have earned had they not been laid off. From denial of the writ in the lower court plaintiffs appeal here.

Section 245 of the city charter contains the language controlling plaintiffs' rights and is presented for interpretation in this case. It reads as follows:

"When an employee's position is abolished, he shall be given employment in the next lower position in the department and juniors in the department be demoted accordingly, provided however, that if any employee, through economy reasons, shall be forced from the active service of the city, he shall be given an indefinite leave of absence without compensation and he shall be recalled to active service when the first opening occurs in the department according to his seniority at the time when the vacancy existed."

In the conclusion of plaintiffs' reply brief this statement appears:

"In plaintiffs' and appellants' original brief, and in this brief, it is the contention that when there is a layoff for economy reasons, jobs are abolished. This is the issue."

Plaintiffs say that laying them off on November 21, 1960, amounted to abolishing their jobs and that that action brought into play the first part of the above charter quotation, entitling them, on the basis of their seniority, to be given the next lower positions in the department by demoting their juniors in seniority holding such positions. It is conceded that this course was not followed.

Defendants say, on the contrary, that it is the proviso clause in the charter quotation which applies. If defendants' contention is correct, then, under that clause, plaintiffs, through economy reasons were forced from active city service, given an indefinite leave of absence without compensation, and became entitled to be recalled to active service when future openings should occur in the department according to their seniority. As defendants

point out, while the proviso clause calls for recalling to active service according to seniority, no such requirement is made as to the manner or order of layoffs for economy reasons.

This case is not brought under the proviso clause, to compel the recall to active duty of plaintiffs when openings occur in accord with their seniority rights. Whether that has occurred is, in consequence, not a question before us on this appeal. The only question is whether plaintiffs' separation from the city's service and payroll was invalid and violative of their rights in the first place, as constituting the abolishment of their jobs without according them the right to "bump" those having less seniority, as provided for in the above language of the charter.

Decisions, largely from other States, holding certain layoffs to have constituted abolishments of jobs within the meaning of the different language of the statutes, charters or ordinances there involved, are not controlling of the issue here. Plaintiffs are not correct in their stated position that "when there is a layoff for economy reasons, jobs are abolished." To so hold would render the proviso clause meaningless and of no effect. The charter language makes provision for 2 alternatives. One or the other occurred. Did defendants abolish plaintiffs' jobs or give them indefinite leaves of absence without compensation but with certain recall rights? That presents a question of fact. Plaintiffs say one thing, defendants the opposite. The burden of proof is on the plaintiffs. They have presented no proofs in the shape of official records or testimony to show that their jobs were abolished. While defendants, upon whom the burden of proof in this matter does not repose, made no masterful showing or adducing of proofs to support their contention in this factual dispute, there is some evidence indicating that only the granting of leaves of absence occurred here.

The city's personnel director testified that there had been no action by either the civil service commission or the city commission to abolish the jobs of plaintiffs. Under that state of the proofs, or lack of them, the plaintiffs were not entitled to prevail and the trial court properly denied the relief sought.

Affirmed.

Dethmers, Kelly, Black, Kavanagh, Souris, Smith, and O'Hara, JJ., concurred.